Thank you, Your Honors. We represent the appellants in this case, the appellant, Andes. This case essentially has really two issues on appeal. It's undisputed that there's no dispute that there were claims asserted in what we've defined as the 2549 case, which is one of the cases that you have on appeal that you've taken under submission. There are various tort claims, fiduciary breach, corporate opportunity doctrine, constructive fraud, and unfair competition. Those claims were asserted against Chang-Sun Lan, who is the principal for EasyCon. Mr. Lan loaned money to Andes. That loan was evidenced by a promissory note, which is the subject of this case, the Crestwood case. Mr. Lan then created a wholly owned corporation out of the Bahamas that he assigned the note to. There is no question that, and it was never really disputed, and Judge Wake noticed it right away at the beginning of the case, that Crestwood is not a holder in due course. Therefore, it took that note subject to any defenses that were available against Mr. Lan. Our tort claims are now up on appeal. They were dismissed under Rule 12b-6 by Judge Wake. But those claims clearly, if viable, constitute a setoff, and I don't think there's any question about that. On appeal — Counsel, let me ask you one question, if I can interject. Weren't those claims unliquidated? That's the next issue I was getting to. On appeal — I think the answer is yes. Yes. Well, yes, they are unliquidated. But this is an issue that has been raised for the first time on appeal. It was not raised as a defense in the trial court. And so, number one, it's been waived. Number two, that issue relies upon a couple of Arizona Court of Appeals decisions decided, I believe, 40 years ago or more, the Nutter case and the Nogales case, that we've explained in our brief, for various reasons, are no longer good law. In particular, the courts in those cases did not need to reach the issue of whether the claim needs to be liquidated in order to assert it as a setoff. More importantly, however, I think today, if the Arizona Supreme Court was faced with this question, it would not follow the dicta in Nutter, which, again, we also believe should be confined to the circumstances of that case, which was an equitable mortgage foreclosure action. Modern practice under Rule 13 encourages, for matters of efficiency, that setoffs, counterclaims, and affirmative claims be resolved together. And there is no requirement under modern practice that those claims be liquidated. And I think that's a fairly universal rule. We didn't find anything to dispute that. And so under current practice, it's no longer necessary, if it ever was across the board, to have a liquidated claim asserted as the setoff. Setoff is also not — Crestwood argues that this was a permissive thing, that it was a discretionary thing. First of all, that's not the basis of Judge Wake's ruling. He ruled that, well, the case, the setoff, the claims in 2549 have been dismissed. Therefore, there's no setoff. He did not rule as a matter of law that, in my discretion, I'm not going to allow a setoff defense to proceed. Plus that, we've cited cases that, under Arizona law, setoff is very much encouraged as a matter of efficiency, again, to make sure that all claims are resolved at once and not in a piecemeal fashion. There was the other issue. I mentioned there were two. The other one is our affirmative defense that we asserted on fraudulent concealment or nondisclosure. That was a claim, an affirmative defense, that admittedly was not labeled as such in our answer to Crestwood's complaint. However, we cited case law stating that an affirmative defense may be raised for the first time in response to a summary judgment motion, so long as there's no surprise or prejudice. There was no claim of surprise and prejudice. Not only that, prejudice and surprise has to look at what's already been pled. And here we had pages and pages discussing our setoff defense grounded on the nondisclosure, the secret disclosure of our confidential information to Holland and others, the secret patent applications that were being filed in the name of Easy Con without our knowledge, which, incidentally, was something that Judge Wake never addressed in any of his rulings. So the facts underlying the fraudulent concealment, the nondisclosure argument, were always there in our original answer to the complaint. In fact, we attached the entire complaint from the 2549 case as an exhibit to that answer. And unless the Court has any objections, I'd like to reserve the rest of my time.  Thank you, Counsel. Your Honor, good morning. Greer Shaw for the Plaintiff Appellee, Crestwood Capital Corporation. And I'll start the way I did before asking the Court whether there are any particular questions that I can answer for the Court. Please proceed. All right. Thank you, sir. So, Your Honor, Judge Gould asked whether the claims that Andes has, purports to have against Mr. Land were unliquidated. Of course, of course they are, sir. They were unliquidated at every point in this case. And in fact, by the time Crestwood moved for summary judgment, not only were they unliquidated, they didn't exist. The claims had been dismissed with prejudice by Judge Waig. So by the time we moved for summary judgment, and by the way, just for the record, Judge Waig's dismissal of those claims in the 2549 case with prejudice occurred in June 2016. We filed our summary judgment motion three months later in September of 2016. So three months had gone by after the fraud claim had been dismissed with prejudice. At that point, fraud against Mr. Land or Crestwood was out of the case. There was no claim pending, no hope for any claim pending. And during those three months, there was no effort by Andes to amend its answer to Crestwood's complaint to say, well, maybe our fraud claim in the consolidated co-pending case was dismissed, but we still have a fraud set-off defense claim, and here it is in our amended answer. They never did that. There's no fraud defense pled in the answer to Crestwood's complaint. There's no hint of a fraud defense. All they did was cross-reference their fraud claim in the other case, which had been dismissed with prejudice for insufficient pleading, which, by the way, they haven't even appealed. Claims against Mr. Land that have been appealed don't include the fraud claim. They know their claim was deficiently pled from the start. Judge Wake said that. And it's so deficient, they haven't even appealed that to this Court. Now they're saying somehow my client Crestwood was on notice of this fraud claim by virtue of a set-off defense, which cross-referenced another complaint in a different case. Well, that other complaint, the First Amendment complaint in the 2549 case, did have a fraud claim. It was called a fraud claim. It said nothing about fraudulent inducement. It said nothing about fraudulent concealment. It said nothing about the promissory notes that's at the heart of Crestwood's lawsuit. It's completely different. They were talking about fraud that EZCon supposedly committed in violation of these purchase orders that we talked about earlier. They were trying to hold Mr. Land responsible for that because at one point, Mr. Land had been the chairman of EZCon. That was their fraud theory. Judge Wake dismissed that for failure to plead a sufficient fraud claim. They never even appealed that. So by the time they raised this fraud defense in opposition to summary judgment, which wasn't even fraudulent concealment, that's a new theory they're presenting on appeal. What they came forward with for the first time in opposition to summary judgment was fraudulent inducement. Again, never raised, never disclosed in their pleading, never disclosed in their joint discovery plan. Saw it for the first time in opposition to summary judgment. We did, in fact, complain that we were prejudiced and surprised. If you look at the hearing on summary judgment, which is supplemental excerpts, page 28, I said to Judge Wake, I said, had we known about this, we would have taken a deposition of Mr. Utsi a long time ago. We would have shot holes in this theory. And here we are seeing it for the first time in summary judgment after, by that point, 10 months of discovery in this case. And it's unfair and it's prejudicial. It's a surprise. Now, with respect to this set-off concept, I think if you note their briefs closely, you'll see an evolution of the theory. Before the district court, and, in fact, in their opening brief to this court, their theory was that their set-off claims were premised upon claims that they had against EZCon Corporation, not against Mr. Lann, against EZCon Corporation. Their theory was somehow that EZCon was a holder of the note. You'll see discussion of that in their brief. Well, there's no evidence of that. That theory doesn't work. And they've abandoned that in their reply brief. In fact, if you look at footnote 6 in their reply brief, they expressly abandoned it. They say, well, never mind our theory that we're trying to set off with claims against EZCon. That's out the window. Our theory now is we're trying to set off with claims against Mr. Lann. The problem with that, Your Honors, is that theory was abandoned at summary judgment. If you go back and you look at the summary judgment papers, their opposition to our summary judgment motion, their entire set-off theory was premised completely 100 percent on their theory that they could use the claims against EZCon, not even Andy's claims, PCT's claims. PCT is a subsidiary of Andy's. Andy's was trying to use PCT's claims against EZCon to set off Andy's obligations to Crestwood under a promissory note. That was their entire theory in opposition to summary judgment. It said nothing about using claims that Andy's had against Mr. Lann. So that theory was abandoned before the district court. I submit, Your Honors, it's been abandoned for the purposes of appeal. It can't be revived. Judge Gould, again, he raised this point about liquidated claims. And even if Andy's appeal of their claims, dismissal of their claims against Mr. Lann, is somehow successful, that appeal is successful, those dismissals are reversed and it goes back to the district court, the claims are still unliquidated. All they'd get to do is proceed with discovery and everything else to try to prove those claims. The claims would still be unliquidated. And the point is, those claims have nothing to do with promissory note. There's no genuine issue of material fact raised by those dismissed claims that would cause summary judgment on a promissory note to be improper. So what you have is a liquidated claim and then you have unrelated, unliquidated claims. Arizona law is very clear, that is not a set-off situation as a matter of law. And at best, even if it were, the district court has discretion to let one case go forward to judgment without waiting for the other case, the other claims, to become liquidated. That's the so-called modern jurisprudence that my colleague referenced. Even under the modern jurisprudence, like a 54B situation, that's discretionary with the district court, whether to hold one case and wait for the other case to catch up so they finish at the same time or not. And here we have Judge Wake. He said the promissory note claim is liquidated, it's proven, summary judgment's appropriate. In fact, he didn't even have to exercise jurisdiction or discretion rather on this set-off concept because by the time the judge granted summary judgment, there was nothing to set off and he's had no claims against Mr. Land. It all had been dismissed six to eight months earlier for failure to state a claim which relief could be granted and it was dismissed with prejudice. Unless there's anything else. Thank you, counsel. Roboto. Yes, thank you. We acknowledge that if the appeal in 2549 is affirmed, there is no set-off. With regard to the set-off, the argument made by Mr. Shaw that the set-off involved claims against EZCon that we were attempting to assert, that's the Devin appeal. That's a separate appeal that's also before Your Honors that you've taken under submission. It has a different theory than this one. This one is very simple. There were claims directly against Mr. Land. Mr. Land was sued for the torts that are now on appeal in the 2549 case. So there is clear mutuality here in Crestwood. Mr. Shaw, when he says there's not these tort claims have nothing to do with the promissory note, that's true, but that's the definition of a set-off. A set-off can involve other transactions. It can involve tort claims versus a contract claim. It can involve liquidated claims versus unliquidated claims. That's the definition of a set-off. With respect to the fraudulent concealment, the standard for an affirmative defense, pleading an affirmative defense, is lower than that for an affirmative claim. The standard is fair notice. And yes, even though our affirmative defense was not labeled as fraud, the Federal rules require more liberality in how you view an initial pleading. Whether the proper legal theory has been pled is not important. What's important is are the underlying facts there, and could the opponent anticipate this theory being raised in the case. And we would argue that, yes, in this case it was. What we asserted, and I would also assert we gave far more than fair notice, as I mentioned before, we attached the entire complaint against Mr. Lann to our answer to Crestwood's complaint. And again, the theory is the theory that's central to each one of these cases. EZCon, secretly, without our knowledge, took our confidential information, gave it to a competitor, manufactured products using that confidential information for a competitor, did not tell us it was doing that, and by either concealing that fact or omitting it under Restatement Sections 550 and 551, that is the definition of fraudulent concealment. Those facts are clearly set forth in the affirmative defense supplemented by the attachment of the full complaint in 2549. Unless Your Honor has any other questions. Thank you. Thank you, counsel. Thank you both for your arguments in the case. And the case will be submitted for decision and will be in recess for the morning. All rise.
judges: Thomas, McKeown, Gould